UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Terence J. Johnson | ) | CASE NO: 4:21CV2128 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Warden | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Terence J. Johnson, a federal inmate currently incarcerated at FCI Elkton, has filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. (Doc. No. 1). For the reasons that follow, the Petition is denied and this action is dismissed.

### I. Background

The Petition contains very few facts, but it appears that Petitioner is challenging his sentence. He asserts that his prior drug felony does not meet the definition for "serious drug felony" and therefore his sentence is unconstitutional. (*Id.* at 2).

### II. Standard of Review and Discussion

Federal district courts must conduct an initial review of *habeas corpus* petitions. *See* 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must summarily dismiss a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of

the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to § 2241 petitions under Rule 1(b)).

A federal prisoner seeking to challenge his sentence generally must do so by filing a motion to vacate, set aside, or correct his sentence in the sentencing court under 28 U.S.C. § 2255, not in the district of his detention under § 2241. *See Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) ("The best judge to fix a sentence is a judge intimately familiar with the defendant, the case, and the local practices. Not a judge who has never touched the case before."). A § 2241 petition in the district where a federal prisoner is incarcerated is generally only used when a federal prisoner seeks to challenge actions taken by prison officials in the district of his detention that affect the way his sentence is being carried out, such as the computation of sentence credits. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).

Under highly exceptional circumstances, a prisoner may challenge his sentence under § 2241, instead of under § 2255, if he is able to establish that his remedy under § 2255 is "inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A prisoner may invoke the savings clause by asserting a claim that he is "actually innocent" of an offense by showing that, after his conviction became final, the United States Supreme Court issued a retroactively-applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). But in *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016), the Sixth Circuit held that a prisoner may raise a

sentence-enhancement claim under § 2241 in very limited circumstances, which the court defined as

> a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed. 621 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

Further, in *Wright*, the Sixth Circuit held that "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the savings clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright*, 939 F.3d at 705. The Sixth Circuit therefore concluded that "[u]nder [the *Hill*] test, a prisoner must cite a new, retroactive decision *and* show that it 'could not have been invoked in the initial § 2255 motion[.]'" *Id.* at 703, citing *Hill* at 595.

The Court finds that this Petition must be summarily dismissed. Here, the Petition on its face does not demonstrate these circumstances. Petitioner does not indicate that he was sentenced under the mandatory guideline regime pre-*United States v. Booker* and his Petition does not demonstrate that he is foreclosed from filing a petition in the sentencing court under § 2255 or had no reasonable opportunity to bring his claims for relief earlier.

Accordingly, the Petition on its face does not suggest a viable basis for Petitioner to pursue relief from his sentence in this Court by way of § 2241.

### III. Conclusion

For the foregoing reasons, Johnson's Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 is denied and dismissed without prejudice. The Court finds,

pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    **IT IS SO ORDERED.**


<u>December 2, 2021</u>                                         <u>/s/ John R. Adams</u>_____
                                                                                 JUDGE JOHN R. ADAMS
                                                                                 UNITED STATES DISTRICT COURT